Alright, the final case on the argument calendar this morning is Tyler v. Tailored Shared Presenting Judge Wynn, may it please the court, I'd like to reserve three minutes for rebuttal, please. Alright. The issue is whether the district court erred in refusing to enforce the delegation provision in the party's arbitration agreement on the supposed ground that it's unconscionable under California law. I'd like to first address the substantive unconscionability holdings of the district court. The first issue is the confidentiality provision. Contrary to the district court's holding, the confidentiality provision is not unconscionable under the Ninth Circuit's Publon v. C.H. Robinson decision and the California Court of Appeal Sanchez v. Carmax decision, which both held that the confidentiality provisions at issue there were not unconscionable. The district court relied on the so-called repeat player effect identified in the Ninth Circuit's prior Davis v. O'Milvaney and Meyer decision, but Publon held that Davis does not govern California arbitration agreements because it didn't apply California law. On appeal, my opponent relies on two other California Court of Appeal decisions, Ramos v. Superior Court and Hayden v. Elegance at Dublin, both of which held that the confidentiality provisions at issue there were unconscionable, but those cases are distinguishable on two grounds. Number one, this confidentiality provision is narrower and can be read and therefore should be read as applying only to the arbitration hearing, and so it would not bar informal discovery, and that was one of the grounds that Ramos and Hayden held made those broader confidentiality provisions unconscionable. So, I mean, really what we're talking about here is, you know, arbitration over arbitrability, this very first step. So let's just assume for a second that the district court was incorrect and that, in fact, there's no unconscionability associated with arbitrability, the arbitration over arbitrability. Once you got to arbitration, could the plaintiff then come in and still argue that the agreement itself was unconscionable and the arbitrator would then consider some of these arguments with respect to that broader issue? Yes, that's exactly how I understand it works. And the reason why Hayden and Ramos are distinguishable is they were concerned that California has an interest in ensuring that potential victims have access to, in Ramos it was allegations of discrimination, in Hayden it was allegations of elder abuse. There's an interest in ensuring that potential victims have access to information about alleged or a finding of elder abuse or discrimination. That just doesn't apply in this case because this isn't about the merits. This is only about whether this arbitration agreement is going to be enforced. When we start arbitrating the merits, it's a legitimate concern. First of all, I think we start with the fact there's no question that this arbitration agreement was a condition of the employment. It's a take it or leave it, correct? Agree. No dispute. And there's also no dispute that the parties agree that this was a contract of adhesion with that question. Agree. And then the level is in terms of what is the level of unconscionability, be it procedural unconscionability, unconscionability or substantive unconscionability, correct? There needs to be both, correct? I mean, there's some agreement in the record. It appears that there's a finding of some unconscionability. The question is what is the degree, essentially. Well, there needs to be – not exactly, Your Honor. I think there needs to be both procedural and substantive unconscionability. Either prong in terms of you conduct both an analysis in terms of moderate procedural unconscionability and then some substantive conscionability. You have both analysis under both, correct? The district court found there was at least moderate. Yeah, but I guess my point is I understand your argument as to the confidentiality provisions and your reference to Ramos, but the district court found that there were three other provisions that contributed to unconscionability, correct?  Okay. I'm going to go through them. All right. That's good. Number two. So discovery provision. District court found that's unconscionable. District court's wrong because under the Ramirez v. Charter Communications case from the California Supreme Court, it held that so long as the arbitration agreement, even assuming the default discovery provisions, are inadequate to permit a claimant to arbitrate arbitrability. Once the agreement says the arbitrator may order more in a showing of good cause, that, quote, eliminates unconscionability. Now, my friend on the other side says, wait a minute, Ramirez is distinguishable because this agreement says good cause, and Ramirez didn't have that phrase good cause. My point here is I don't think that's a good argument because Ramirez is clear that we assume the arbitrator is going to act reasonably, unless there's evidence to the contrary, and there's no evidence to the contrary. So if the district court found, if Tyler says, look, I've deposed three people and asked them these questions, and they all said, I don't know, you have to ask somebody else, and Tyler says, so arbitrator, let me serve an interrogatory finding the right deponent, or let me take another deposition, for the arbitrator to say, no, your need for more discovery is not good cause to order more discovery is patently unreasonable, and we should not assume the arbitrator will act unreasonably. We should assume the arbitrator would then grant more discovery. When we're talking about the availability of discovery, are we really just focused on this, if this goes to the arbitrator and there's a question over arbitrability, what discovery would you get in connection with that kind of preliminary piece of this part of the arbitration? It's true. It's unclear, and plaintiff doesn't make any robust argument as to what additional discovery. That's kind of what I'm wondering. There may be some discovery limitations for the arbitration as a whole. Somebody could consider those and decide, you know, they're too severe, so this contract is void. But really what we're asking about here is just this arbitration over arbitrability and what discovery would be needed in connection with that. I agree, Your Honor. My point about the arbitrator's power to order more is moot, so long as Tyler has failed to show that she doesn't have enough default discovery to begin with. I agree. So it's not unconscionable because of the arbitration. But there could be, I mean, if somebody needed discovery over the question of arbitrability, I take it this discovery provision does apply to that? I mean, you could ask for that discovery. You have some discovery you're entitled to. This would be part of that. You could ask for more. So in this kind of preliminary phase, you do have some discovery, so it's different than like the Heckman case where there was just none. I agree, Your Honor. Okay. Right. What about the fact that the discovery restriction prohibited written interrogatories? It does prohibit written interrogatories. Right. I think what — and, you know, I think — I take it that you're going to argue that the district court erred in the repeat player analysis, which then was linked to essentially the imbalance that the district court found with the discovery provision. But I think to Judge Bress's point, discovery at this stage on the question of arbitrability is going to be fairly limited, and it's just a lot cheaper to do written interrogatories than to have to take depositions. And so it does play into the district court's notion of potential imbalance between a player who is a repeat player and somebody who's coming into arbitration for the first time. What do you make of that argument? I mean, I took Judge Bress's point to be it's unlikely that Talley would need any discovery at all, written depositions. Well, I don't know. I mean, we have acknowledged that discovery sometimes is necessary or often is necessary even on threshold issues such as the validity of the delegation clause, right? I don't know what limited discovery there may be, and perhaps your opposing counsel can give us some examples of that that would be helpful. But why is there a restriction on written interrogatories, which I think is the simplest way to seek discovery? Does that create some sort of an imbalance that should be a concern? Can I follow up with that question from Judge Wynne in that in terms of the preexisting informal imbalance, the California law has definitely recognized discovery limits to disadvantage an employee more than an employer. Under the FITS case, F-I-T-Z. There's clear case law in that regard. I mean, there's clearly an imbalance, and there's clearly California law that holds that in terms of the imbalance at this stage that it recognizes that discovery limits that are present here would be a disadvantage to the employee and more to the advantage of the employer. Isn't that correct? I'm willing to assume that cases like FITS are correct. I think that's the case. I think it's FITS, F-I-T-Z, I believe. Yes. So the issue is, is it an unconscionable imbalance? Is it overly harsh? Is it unfairly one-sided? Does it shock the conscience? Right? And Poubon held that a good cause provision for more discovery makes an agreement conscionable. And Ramirez held that authorizing the arbitrator to order more discovery eliminates any unconscionability. But the Ramirez case didn't stand for the proposition that a good cause standard precludes a finding of unconscionability. It doesn't preclude that finding. I think you've argued that this good cause standard precludes a finding of unconscionability under Ramirez, and I don't really read that Ramirez says that. I think Poubon says that. Ramirez does not. Ramirez does not discuss good cause. That's right. That's true. Okay. My argument is, despite the fact that Ramirez did not have a good cause requirement, that shouldn't be a dispositive difference because a reasonable arbitrator would rule that a showing of a need for more discovery is good cause to order more discovery. It would be patently unreasonable to order more discovery. Under this provision, if there's good cause shown, can an arbitrator order written interrogatories, or is that just off the table? Absolutely. It just says more discovery. There's no restriction on what type of discovery. But as Judge Bennett noted, there were four issues that the district court had.  Let's get to three and four. Yes. So the offer of judgment provision. Right. So the district court and my opponents say there are three problems with the offer of judgment provision. I think they all fail. Number one, they say that, well, employees are typically less able to pay the other side's costs than employers. But that hypothesis applies equally in a Rule 68 offer of judgment in Federal court. It's not sensible that it's unfair to employees if it's in Federal court, but it's unconscionable to employees if it's in arbitration. And they make the similar point that, well, this provides an offer of judgment provision at the outset before there's any discovery, and that is unfair to employees. But, again, an employer can make a Rule 68 offer of judgment at the outset of litigation in the district court, and there wouldn't be any discovery until there's a Rule 16F conference. And, again, it's not sensible to hold that that's fair in the district court, but unconscionable in arbitration. There's also this 30 to 45. But more precisely, I mean, unconscionable in arbitration over arbitrability. I mean, because I'm not even sure that the offer of judgment provision would even come into play at that very kind of step zero part of this. I read it to mean that we can make an offer of judgment of the arbitrator will hold that the arbitration agreement is enforceable. That would be the most sensible offer of judgment we would offer. But you're right. It's limited to arbitrability. It's not — there wouldn't be — Isn't an offer of judgment a money judgment? Or some other kind of actual relief to the plaintiff?  But in the — But I guess I'm — I didn't mean to interrupt you. Go ahead. Go ahead. I was just going to say the point is the offer of judgment in this case would not be — will offer money. There's no — there's going to be no pressure on Tyler to say yes or no to money. It's only going to be about arbitrability. I guess I'm not following that. It seems like a Rule 68 offer is like, you know, here's some money to make this go away, and if you don't accept it, there's going to be some cost consequences for you later. Well, if that's the proper way to read this offer, then it just wouldn't apply in arbitrability. Well, can't your client essentially use this offer of judgment in terms of then staying the arbitration? Can't it be used to its advantage in terms of there's been no discovery of any kind? And essentially a 30-day stay is automatically entered the minute there's an offer of judgment? I think that that was a fair thing that the district court said, that this probably — the stay probably does favor my client. Of course it does. I mean, it would appear to be pretty obvious that it does. Okay. But, again, the issue is, is it overly harsh? Does it shock the conscience? I want to make sure we give you time to get to the consolidation provision, too. But if I can circle back to the stay, that stay doesn't go into effect until after the question of arbitrabilities decided, though, right? If the offer of judgment provision doesn't apply at the arbitrability stage, then it would not go into effect at all. Well, what's your position? Does it apply at the arbitrability stage? Well, I take Judge Bress's point that probably the best reading is that it would not apply, that it would not get triggered until — I thought that was going to be your position. I think that's a better position. I always thought that these stays were actually favorable to the plaintiff, that it prevented the defendant from running up the cost of litigation while the offer of judgment was outstanding. And so, really, I thought just traditionally this kind of protection exists for the party who's ultimately seeking relief, not for the defending party. I could be wrong about that. Okay. Well, then that would mean that that's another reason why the district court erred in finding that it's unconscionable. I know you're running out of time and wanted to save some, but I wanted you to get to Judge Bennett's question on consolidation, and then I'll give you a couple of minutes back for rebuttal. Thank you very much. So the multiple filings provision, the district court and my opponent, what they get wrong is they claim that it entitles us to stay or phase. So Tyler has an arbitration pending, and there happens to be another arbitration pending at the same time. They claim that we're entitled now to stay or phase Tyler's arbitration pending the other arbitration. It's not accurate because let's look at how it would work. We would say to the arbitrator, all right, under this provision, we want you to stay or phase Tyler's arbitration pending the other arbitration. And Tyler would be able to say, no, you shouldn't do that because it's unfair. And there is a fairness provision literally written into the provision that she agrees that it will be stay or phase, quote, to allow the AAA to establish efficient and fair adjudication procedures. So she can argue it would be unfair, whatever it is. I filed mine first. The other one is more complex. Whatever it is. And then, again, we should assume the arbitrator would act reasonably. So if the arbitrator finds that it would be unfair to Tyler to stay or phase her case, we should assume that the arbitrator would deny our request to stay or phase. So it's not unconscionable. Thank you, counsel. Thank you. Good morning, your honors. Good morning. May it please the court. I will jump straight into the substantive unconscionability issues before the court. That's the hardest issue for me in this case because, you know, as I'm sure you're well aware, you have to show that the delegation clause itself is unconscionable. And there's some blending of whether there's unconscionability potentially as to the merits claim. But we have to focus on the delegation clause. Correct. And on the issue of the confidentiality provision, the court in Poubon, this court in Poubon, did say that confidentiality provisions are not per se unconscionable. But the court relied on Carmack's California Court of Appeals decision. And that decision didn't actually analyze the conscionability question of confidentiality provision. It simply relied on Woodside Homes, which is a non-employment case. Similarly, it didn't really analyze the question and only looked at it in terms of the impact on the public, not the unfairness of such a provision in an arbitration provision. In Ramos, however, the court of appeal, post- But how does the repeat player effect render the delegation clause unconscionable? You know, once you get into arbitration, I understand your argument.  And it renders it unconscionable because it provides the employer the benefit of repeat litigation on that question. So the employer can litigate the question of delegation as many times as it needs to. But the employee doesn't have access to that prior litigation. They don't know what arguments worked, which arguments don't work, what evidence works, and what evidence doesn't work. They're not even allowed to speak to any of the other parties to those litigations about the provision or the litigation or the outcome of that. So let's just assume for a second that the thing that arbitration over arbitrability goes to the arbitrator. Let's just assume that. So then you're in front of the arbitrator, and you're going to argue that what? The whole agreement essentially is unconscionable because of some of these same features we're talking about? These features and some additional ones. Okay. So how does the confidentiality restrictions impede your client's ability to arbitrate arbitrability? Again, it's both the repeat player effect and informal discovery, which are two sides of the same coin. It creates an unfairness where the employer, here tailored, has access to prior cases where they've litigated the issue, can speak to it. That's more merits related, right? More substantive merits related. Also on the delegation. If there's litigation on the delegation clause, they've litigated that question. They've looked at the evidence that exists as a whole and specific to employees. They have access to all of that, whereas an employee doesn't have access to any of it. But what evidence are we really talking about? I mean, it seems to me you have arguments about the agreement being unconscionable based on various features. These seem to be really legal arguments. There's no dispute about what the features are. There are other arguments. There's whether the agreement was made or not, which is an argument we raised. Whether the agreement was, I missed that. Was created. Whether our client, whether Ms. Tyler consented to the agreement or not. Okay, but so what, I mean, you have your client. You get some discovery rights. How does the confidentiality affect that? You can't speak to other individuals who have been through this same process. You can't ask them what evidence they looked at, what evidence they asked for. I guess that relates to discovery, so let's go right to that. This is not a situation like Heckman, right, where there's no discovery rights. It just limits the discovery. So the provision that I was interested in asking counsel about is the restriction on written interrogatories. I don't know that that in and of itself makes it rise to the level of unconscionability, because, again, Heckman, there's no discovery rights at all. And here you can expand the scope of discovery. And counsel said the arbitrator can even order written interrogatories under this provision. So what's your answer to that? I don't think that's a clear result of this discovery provision. It says that interrogatories are prohibited or are not provided. It specifically identifies the type of discovery that's allowed. And the good cause provision doesn't say arbitrator can expand that to interrogatories. And when you're looking at the delegation issue, now you'd have to essentially ask the arbitrator for the right to serve interrogatories before you've even litigated any issue. And it's not just – there's a distinction here between the good cause provision that Ramirez found conscionable and the provision here. In Ramirez, the provision provided that – specifically provided that the arbitrator, with the stated goal, should allow full and equal opportunity to all parties to present evidence. Right, but discovery for the delegation clause issue is pretty limited, isn't it? So how does this hurt you? You have the right to take depositions, three fact witness depositions, depositions of expert witnesses, make requests for production of documents, subpoena documents from third parties, and you can modify it by agreement or you can establish good cause for the arbitrator to expand discovery. Of course. And again, we're looking at the unfairness that this creates. Tyler has to look at these – that provision and decide, do I spend one of my three depositions determining and challenging this issue of the creation of the contract, the delegation clause? When did I actually – did I actually sign it? I don't recall viewing it. They can't – we can't serve an interrogatory to get that information. And our request for production isn't going to cover that. So we'd have to – now you'd have to decide, you have to make the decision, do I spend one of my three depositions on this issue? Do I serve requests for – one of my limited numbers of requests for production on these issues? Or do I not? What discovery do you think you need to litigate arbitrability in this case? Okay, well, you would need the personnel file, the arbitration agreement itself, the records. This was an electronic signature, so the records related to the signing of the agreement, whether there was consent to it or not. Isn't that all stuff you could get, though, under the discovery provision, everything you've listed? It is. But you have to look at the unfairness. Taylor doesn't need to waste any of its limited discovery on those issues because it has access to them. And Tyler clearly does not. And Tyler does not. Exactly. And Tyler would have to make the decision, do I spend any of this limited discovery on this issue, or do I just – But isn't this an argument that can be made to the arbitrator to say, listen, if I'm going to litigate this here, I'm going to lose all my future discovery, and I'm going to spend all my discovery litigating arbitrability. Therefore, the arbitrator should conclude that the whole contract is void. I mean, you'd still have to get the arbitrator to agree to all that stuff, the good cause, everything. But the issue here is just arbitration over arbitrability. You have some discovery rights in that process. I understand your argument, which is I don't want to have to use up all my discovery in that preliminary issue, and I'm worried I won't be able to litigate the case later. But isn't that a question for later? No. It goes to whether these provisions are fair to Tyler or not and whether the delegation clause is fair, having it be covered as a covered claim, whether that's a fair issue or not. When you've limited the ability to informal discovery through the confidentiality, to formal discovery through the discovery clause, all of that creates an imbalance, an unfairness to Tyler, who is at a disadvantage in litigating this either before the court or, sorry, litigating this before the arbitrator. They're now at, Tyler would be at a disadvantage, whereas Taylor has the advantage, doesn't need to waste any of its resources on doing this discovery, on making these difficult decisions, because it already has access to all that and it doesn't face the same limits. And Ramirez, which is the California Supreme Court on this issue, notes that precautions against looking at the discovery that is specifically required as to the issue and rather focus on the unfairness that existed when the contract was formed. So, again, we're not looking at what Tyler specifically needs for the issue of delegation, but does it create an unfairness, an imbalance at the time the contract was formed? And here it does for the reasons we've just discussed. So it's the standard whether it's overly harsh, though, right? I'm sorry, what was that? The standards whether it's overly harsh, this discovery provision. Correct. And here it is, where on a delegation issue, again, there's no interrogatories. You have to balance the need. And then even the clause that allows for the arbitrator to provide additional discovery, here it's not just good cause, but it requires a showing of need as well, whereas in Ramirez... Sure, that's what good cause is. You've got to show why you need it, but it's not a terribly high standard. Well, but it is, because, for example, here let's say the delegation issue is at issue. Tyler decides to use a deposition, deposes a PMK on the issue, gets some information but not all of it. If you're looking at the standard that looked at in Ramirez, the provision there, which was to generate any material and substantive information and evidence, you would allow additional deposition of another witness, let's say, who's identified by the person most knowledgeable. When you're looking at need, do you really need that? And the arbitrator is now presented with, well, is it needed? You've already deposed the person that Taylor had identified as the person most knowledgeable. I understand your argument. Before you run out of time, can I have you address the offer of judgment provision? Because this is consistent with Federal Rule of Civil Procedure 68, right? So what's the problem here? The problem is that the offer of judgment comes at the outset, before. It's the first step in the arbitration procedure. It's prior to filing a demand for arbitration, there's an offer of judgment. So the first line of the provision is at least 45 days before filing a covered claim. So this is before Tyler is even allowed to file the claim, she must go and give Taylor the opportunity to make this offer of judgment. That gives Taylor 45 days to amass all this information that, again, it's tied to the confidentiality and the discovery issues. It can speak to the managers. It can address and amass all the evidence it needs on the delegation issue while Tyler isn't prohibited from doing anything, can't conduct discovery at that point because it can't proceed with the arbitration. Even if she made, if Tyler made the decision to do discovery, use some of the limited discovery available to Tyler, couldn't do so at that point. So it creates an unfairness and an imbalance, even on the delegation issue of do I challenge this or not, I don't know. But Taylor has that opportunity to amass evidence, get declarations, review when the arbitration agreement was signed, if it was signed or not, and can make an offer of judgment based on that imbalance of information. Let's say there's no record that Taylor selected the I agree button. Taylor could make an offer of judgment, and Tyler doesn't know that that evidence is missing at that point. There has been no issue of delegation raised. Taylor could make that offer, and Tyler is in this unfair position of not knowing what exists, not being able to conduct discovery, and has to make a decision that's going to impact them and their ability to proceed with potential reasonable costs hanging over their head for the entirety of the litigation. And finally, the joint... And how specifically is this different than Rule 68? Rule 68 doesn't come into effect until the claim has already been filed. There has to be, the litigation has to be pending. This is before the arbitration even can be filed. Right, but when a litigation is filed, you don't just get discovery necessarily immediately either. No, but under the federal rules, you'd get initial disclosures. You could proceed with some discovery. You'd have the right to discovery, and you could even have... Rule 68 clearly doesn't preclude discovery in terms of a litigant having to decide that. No litigant can just muscle in under Rule 68 and stop everything and say take it or leave it.  Rule 68 does not. That is not the expanse of Rule 68. Exactly. But this does limit that. I mean, just for the record, it's perfectly clear. Rule 68 does not permit a defendant in litigation to stop all the presses and take it or leave it. There's no court that can order that on the district court level. Correct. The joint proceedings provision is similarly unfair as it relates to the delegation clause. It would stay litigation in favor of Taylor to allow Taylor to combine the litigation over the delegation issue amongst other employees. That right is not provided to Tyler. It's only provided to Taylor. That is a blatantly unfair provision. And so with that, I guess my time is up.  Thank you, counsel. I'll put a couple of minutes. So as to discovery, so I understood my friend to say that there's some limit on requests for production. That's not correct. There's no limit on requests for production, there's no default limit on requests for production. The arbitrator is authorized to order more. And it doesn't specifically, it's true, it doesn't specifically say the arbitrator can order interrogatories, but it can order more discovery. Mr. Korf, if I may interrupt you, but I want to move to the offer of judgment here. Yes. And clearly the distinction, Rule 68, just doesn't lay on arbitration like this because there's clearly Rule 68 clearly permits some discovery and the obnoligant is not put in the position of being blind in terms of take it or leave it, correct? I disagree. Well, I'll move to the next topic then because I think it's clearly, I think what troubles me in this case is the subtleties of discovery and what discovery has allowed. You have an offer of judgment in which clearly, it seems to me, Taylor can use discovery advantages to make a better offer. And Tyler has to evaluate the offer absent any discovery in an offer of judgment. And essentially if you have the expanse of Rule 68 laid in this fashion, how is Tyler anywhere near on equal footing with respect to Taylor if Taylor makes the offer of judgment and has a period of whether it's, whether in the nature of whatever the allegation is, has a period of some 45 days to have discovery and Tyler has nothing other than to sit and wait and then Tyler has to fly blind in terms of whether or not it will or won't, she will or will not accept it. That is not correct, Your Honor. During that stay, we are not entitled to discovery. Tyler's not entitled to discovery. There's no discovery. But you have the ability to record and to check other cases. That actually dovetails back in with the confidentiality provisions which I think are the weakest of the four for the district court. But when you lay those on, it becomes more clear the effect of the confidentiality provisions if you then are able to lay on that an offer of judgment. There's clearly not, but how can you argue that they're clearly in equal positions in that regard? The confidentiality provision only applies to the arbitration hearing. It does not limit informal discovery. And just like in federal court, if a defendant, an employer, serves a Rule 68 offer at the outside, there's no discovery. My friends at initial disclosures, those are essentially stayed. It's not called a stay, but they don't start until it's a Rule 16-F conference. Well, that's a well-taken Rule 16-F conference. It's not necessarily binding upon the district judge in terms of how that's approached is the point. I mean, I'm having a hard time understanding how Rule 68 is like a trump card to lay down on this case. And let me just get to one last question to allow you enough time in terms of the consolidation provision. As I understand it, in terms of the litigants such as Tyler are barred from any kind of consolidation, but with respect to consolidation, Taylor determines whether it consents to consolidation or not. That's the fourth of the four factors. There are four different factors considered here by the district court judge.  Okay. There's not just confidentiality. There are four different factors. And I want to make sure we get to the consolidation provision. You feel there's equal balance there as well? Yes. I addressed the stay in the phase portion of that. Yes, you did. There's also language about how there will be no consolidation absent consent by my client. But both parties in a previous provision, in the class action waiver provision, both parties give up the right to any consolidation to begin with. So the only way that no consolidation without my party's consent comes into effect is, I guess the arbitrator could say, despite the fact that both of you have waived your right to consolidate, what do you think about consolidating anyway? Right. Which seems pretty unlikely. So I don't think it's — I think it's a moot point. Go ahead. Right. Thank you, counsel. Thank you. We've taken you over your time, but we appreciate your argument on both sides. The matter is submitted and we are in recess until tomorrow morning. All rise.
judges: NGUYEN, BRESS, Bennett